IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>WASHINGTON MUTUAL, INC., *et al.*,<br><br>Debtors. | Bankruptcy Case No. 08-12229 (MFW) |
| JPMORGAN CHASE BANK, NATIONAL ASSOCIATION,<br><br>Appellant,<br><br>v.<br><br>WASHINGTON MUTUAL, INC. and WMI INVESTMENT CORP.,<br><br>Appellees. | Civil Action No. 09-734 (GMS)<br><br>BK Adv. Proc. No. 09-50551<br><br>BK AP No. 09-0072 |

## APPELLANT JPMORGAN CHASE BANK, N.A.'S REPLY BRIEF

Bruce E. Clark
Robert A. Sacks
Stacey R. Friedman
**SULLIVAN & CROMWELL LLP**
125 Broad Street
New York, New York 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588

Dated: March 17, 2010
       Wilmington, Delaware

Adam G. Landis (No. 3407)
Matthew B. McGuire (No. 4366)
**LANDIS RATH & COBB LLP**
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450

*Counsel for Appellant JPMorgan Chase Bank, N.A.*

# TABLE OF CONTENTS

*Page*

TABLE OF AUTHORITIES ..................................................................................................... ii

ARGUMENT ............................................................................................................................. 3

    I.       The Bankruptcy Court Erred in Holding That
            It Had Jurisdiction over WMI's Claims ............................................................... 3

          A.     The Bankruptcy Court's Decision Contradicts FIRREA's
                Plain Language and Would Lead to Absurd Results ................................. 3

          B      WMI's Claims Are Barred Because They
               Relate to an Act of the Receiver ............................................................... 5

    II.      The D.C. District Court Must Adjudicate All
            of WMI's Claims as Congress Intended .............................................................. 6

    III.     JPMC's Appeal of the July Orders is Meritorious
            and Satisfies the Collateral Order Doctrine ........................................................ 9

CONCLUSION ........................................................................................................................ 10

# TABLE OF AUTHORITIES

*Page(s)*

CASES

*American National Insurance Co. v. FDIC*,
No. 1:09-cv-1743 (RMC) (D.D.C. Sept. 9, 2009) ..................................................................8

*Auction Co. of America v. FDIC*,
141 F.3d 1198 (D.C. Cir. 1998) ...............................................................................................7

*Branch v. United States*,
69 F.3d 1571 (Fed. Cir. 1995) .............................................................................................7, 8

*Digital Equipment Corp. v. Desktop Direct, Inc.*,
511 U.S. 863 (1994) ...............................................................................................................10

*diSibio v. Mission National Bank*,
127 F. App'x 950 (9th Cir. 2005) ...........................................................................................6

*FDIC v. Shain, Schaffer & Rafanello*,
944 F.2d 129 (3d Cir. 1991) ............................................................................................4, 5, 7

*Gross v. Bell Savings Bank PaSA*,
974 F.2d 403 (3d Cir. 1992) ....................................................................................................4

*Heno v. FDIC*,
20 F.3d 1204 (1st Cir. 1994) ...................................................................................................7

*Hudson United Bank v. Chase Manhattan Bank of Conn., N.A.*,
43 F.3d 843 (3d Cir. 1994) ..............................................................................................*passim*

*Hudson United Bank v. Chase Manhattan Bank of Conn., N.A.*,
832 F. Supp. 881 (D.N.J. 1993) ..............................................................................................4

*In re Kaiser Aluminum Corp.*,
456 F.3d 328 (3d Cir. 2006) ....................................................................................................5

*In re Noletto*,
244 B.R. 845 (Bankr. S.D. Ala. 2000) ....................................................................................8

*Keene Corp. v. United States*,
508 U.S. 200 (1993) .................................................................................................................4

*Lauro Lines S.R.L. v. Chasser*,
490 U.S. 495 (1989) ...............................................................................................................10

*National Union Fire Insurance Co. v. City Savings, F.S.B.*,
    28 F.3d 376 (3d Cir. 1994) ............................................................................................. 7

*Praxis Properties, Inc. v. Colonial Savings Bank, S.L.A.*,
    947 F.2d 49 (3d Cir. 1991) ......................................................................................... 9, 10

*Rosa v. RTC*,
    938 F.2d 383 (3d Cir. 1991) ................................................................................. 3, 4, 7, 9

*Trinsey v. K. Hovnanian at Upper Merion, Inc.*,
    841 F. Supp. 694 (E.D. Pa. 1994) ................................................................................... 6

*United States v. Leppo*,
    634 F.2d 101 (3d Cir. 1980) ............................................................................................ 9

*Village of Oakwood v. State Bank & Trust Co.*,
    519 F. Supp. 2d 730 (N.D. Ohio 2007) ....................................................................... 5, 8

*Village of Oakwood v. State Bank & Trust Co.*,
    539 F.3d 373 (6th Cir. 2008) ....................................................................................... 5, 6

*Washington Mutual, Inc. v. FDIC*,
    659 F. Supp. 2d 152 (D.D.C. 2009) ................................................................................ 5

## STATUTES

12 U.S.C. § 1821(d)(6) ............................................................................................................ 6

12 U.S.C. § 1821(d)(13)(C) ..................................................................................................... 4

12 U.S.C. § 1821(d)(13)(D) ............................................................................................ *passim*

## RULES

9th Circuit Rule 36-3 ................................................................................................................ 6

Appellant JPMorgan Chase Bank, N.A. ("JPMC") respectfully submits this Reply Brief in further support of its appeal from the September 14, 2009 order (the "Counterclaims Order") of the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). The Bankruptcy Court wrongly determined that it has subject matter jurisdiction to hear claims by Washington Mutual, Inc. and its subsidiary, Washington Mutual Investment Corp. (collectively, "WMI"), notwithstanding the jurisdictional bar contained in Section 1821(d)(13)(D) of the Financial Institutions Reform, Recovery and Enforcement Act of 1989 ("FIRREA") and a pending appeal before this Court concerning the application of FIRREA's bar to WMI's claims below. The Bankruptcy Court held that FIRREA does not apply to claims that, according to the statute's plain text, are barred, even where, as here, plaintiffs are already using FIRREA's exclusive claims process to pursue claims to the same assets in litigation in another court involving the FDIC, JPMC and other parties.

In defense of this ruling, WMI argues that the Counterclaims Order, like the Bankruptcy Court's prior FIRREA rulings, is proper because (i) it is "well-settled" that Section 1821(d)(13)(D) does not apply to claims to assets not currently in receivership asserted against parties that are not the FDIC; (ii) JPMC's interpretation of FIRREA's jurisdictional bar would frustrate Congressional intent and secure an unfair advantage for JPMC at the risk of WMI's constitutional rights; and (iii) the Bankruptcy Court was not automatically divested of jurisdiction by JPMC's and the FDIC's pending appeals (No. 09-cv-615 (GMS)), which vested exclusive jurisdiction over the FIRREA question with this Court. Each of WMI's arguments fails, making clear that the Counterclaims Order must be vacated.

*First*, the Bankruptcy Court's purported "rule" has never been recognized by the Third Circuit, which has instead insisted that Section 1821(d)(13)(D) be applied literally and not strained or twisted to limit the scope of the broad language adopted by Congress. The very

absence in FIRREA's text of the limitation invented by the Bankruptcy Court—a limitation Congress expressly imposed in the prior subparagraph of FIRREA—dispositively demonstrates the Bankruptcy Court's reversible error. The Bankruptcy Court's Counterclaims Order is not only at odds with the plain language of FIRREA's jurisdictional bar, but is also contrary to numerous Courts of Appeals decisions, and the practical objectives of FIRREA in empowering the FDIC to address the crisis posed by failing banks. Because failed bank assets typically spend no time in receivership when the FDIC has arranged for a purchase by another bank, the Bankruptcy Court's rule would ensure that FIRREA's exclusive claims process can be ignored in virtually every case. Such an absurd result should be rejected out of hand.

*Second*, it is WMI that is attempting to secure an unfair advantage by pressing an interpretation of FIRREA's jurisdictional bar that would permit it simultaneously to litigate identical claims to identical assets in two different courts, only one of which—the D.C. District Court—has been granted jurisdiction to actually hear such claims. Further, in arguing that the literal application of FIRREA to bar their claims below would raise constitutional problems—a position repeatedly rejected by the Third Circuit—WMI confirms that its sole goal is to be compensated for the alleged loss of its investments in Washington Mutual Bank ("<u>WMB</u>"). However, courts have repeatedly rejected claims by bank holding companies such as WMI that they are entitled to be made whole for losses that they claim resulted from the federal government's closure of their bank subsidiary.

*Finally*, WMI cannot escape the rule that the filing of a notice of appeal deprives a Bankruptcy Court of jurisdiction over the subject matter of that appeal merely by citing the Bankruptcy Court's conclusion that the pending appeals are "frivolous." The Third Circuit has specifically held that an order jeopardizing the protections afforded by FIRREA justifies immediate interlocutory appeal. While WMI and the Bankruptcy Court may disagree with that

holding, as well as the holdings of the several Courts of Appeals that have rejected the Bankruptcy Court's interpretation of FIRREA, such disagreement with this substantial authority refutes the Bankruptcy Court's unwarranted conclusion that the pending appeals are "frivolous."

## ARGUMENT

### I. THE BANKRUPTCY COURT ERRED IN HOLDING THAT IT HAD JURISDICTION OVER WMI'S CLAIMS.

#### A. The Bankruptcy Court's Decision Contradicts FIRREA's Plain Language and Would Lead to Absurd Results.

WMI's approach to interpreting FIRREA's jurisdictional bar belies its claim that the Bankruptcy Court adhered to the plain language of the statute. Instead of discussing the statutory language, which prohibits "any action seeking a determination of rights with respect to[] the assets of any depository institution for which the [FDIC] has been appointed receiver," 12 U.S.C. § 1821(d)(13)(D), WMI offers only a self-serving interpretation of the Third Circuit's application of the statute in two inapposite cases, *Rosa v. RTC*, 938 F.2d 383 (3d Cir. 1991), and *Hudson United Bank v. Chase Manhattan Bank of Conn., N.A.*, 43 F.3d 843 (3d Cir. 1994).[1] Based on these cases, the WMI urged the Bankruptcy Court to create an unprecedented rule: FIRREA's jurisdictional bar does *not* apply to "any action seeking a determination of rights with respect to" a failed bank's assets where those assets are no longer in the possession of the receiver, even if the plaintiff has invoked FIRREA to simultaneously pursue claims to those same failed

---

[1] Instead of repeating the numerous reasons why *Rosa* and *Hudson* are inapposite here, JPMC respectfully refers the Court to pages 15-17 of its Opening Brief and pages 7-9 of its Reply Brief in the appeal from the Bankruptcy Court's July orders. (No. 09-cv-615, D.I. 22, 38.)

bank assets in another court. 12 U.S.C. § 1821(d)(13)(D); (A415). Neither *Rosa*, *Hudson*, any other Third Circuit opinion, nor any opinion of any court in the United States has endorsed such a rule.[2]

The Bankruptcy Court's error is manifest in light of the limitations Congress did impose elsewhere in FIRREA. In 12 U.S.C. § 1821(d)(13)(C), Congress provided that "[n]o attachment or execution may issue by any court *upon assets in the possession of the receiver.*" (Emphasis added.) Congress included no such limitation on FIRREA's jurisdictional bar in the next subparagraph, at issue here. The Bankruptcy Court's opinion is therefore legally untenable because rules of statutory construction "presume[] that Congress acts intentionally and purposely in the disparate inclusion" of this phrase in one provision and the "exclusion" of the same phrase in the very next provision of a statute. *Keene Corp.* v. *United States*, 508 U.S. 200, 208 (1993).

In any event, the Bankruptcy Court's rule must be rejected because it leads to an absurd result. As JPMC described in its Opening Brief in its appeal from the July Orders (No. 09-cv-615, D.I. 22, at 19), the FDIC's "standard procedure" is to sell all or virtually all of a failed bank's assets to a successor bank *on the same day* the failed bank is placed into receivership. *See Hudson United Bank* v. *Chase Manhattan Bank of Conn., N.A.*, 832 F. Supp. 881, 883 (D.N.J. 1993); List of Failed Banks (attached hereto as Exhibit A). Thus, the practical result of the Bankruptcy Court's decision is the irrational situation that *any* claimant may bring its claims against the purchasing bank in the court of its choice, without regard to FIRREA, even though "FIRREA's claims procedure in section 1821(d) is exclusive." *FDIC* v. *Shain, Schaffer & Rafanello*, 944 F.2d 129, 132 (3d Cir. 1991). This outcome is clearly contrary to Congressional

---

[2] WMI also cites footnoted dicta in *Gross* v. *Bell Savings Bank PaSA*, 974 F.2d 403 (3d Cir. 1992), to the same effect. (Answering Br. at 7 n.5.) Like *Rosa* and *Hudson*, *Gross* did not involve a claimant availing itself of FIRREA and proceeding in two courts simultaneously.

intent, and so must be rejected. *In re Kaiser Aluminum Corp.*, 456 F.3d 328, 330 (3d Cir. 2006) ("A basic principle of statutory construction is that we should avoid a statutory interpretation that leads to absurd results."); *see also Shain*, 944 F.2d at 135 ("The whole point of receivership is to make creditors go after the estate as it existed on the day the failed bank was taken over.").

### B. WMI's Claims Are Barred Because They Relate to an Act of the Receiver.

Tellingly, the Answering Brief virtually ignores the fact that WMI's claims are also subject to FIRREA's jurisdictional bar because they "relat[e] to an[] act or omission of" the FDIC. 12 U.S.C. § 1821(d)(13)(D)(ii). WMI does not bother to dispute that all of its claims relate to an act of the FDIC. In granting JPMC's motion to intervene in WMI's suit in the D.C. District Court ("D.C. Action"), Judge Collyer held that WMI's claims in that case, which mirror its claims here, "are premised on the allegation that [the WMB] assets sold by the FDIC to JPMC . . . belong to WMI." *Washington Mut., Inc. v. FDIC*, 659 F. Supp. 2d 152, 154 (D.D.C. 2009). Judge Collyer's conclusion is unavoidable, especially in light of WMI's Tenth Counterclaim, which asks the Bankruptcy Court to avoid the entire Purchase and Assumption Agreement between JPMC and the FDIC as a fraudulent transfer. (A288-89.) Moreover, the only act by JPMC at issue in this case is its agreement with the FDIC and its receipt of WMB assets from the FDIC. Therefore, FIRREA's jurisdictional bar applies to WMI's causes of action against JPMC, all of which rest on acts of the FDIC. *Vill. of Oakwood v. State Bank & Trust Co.*, 539 F.3d 373, 386 (6th Cir. 2008).

In *Village of Oakwood*, the leading case involving a suit against a third-party purchaser of failed bank assets from the FDIC, the Sixth Circuit held that FIRREA barred the plaintiffs' claims, which were based on an act of the FDIC. 539 F.3d at 386. Despite WMI's effort to portray *Village of Oakwood* as turning on whether the FDIC possessed the assets at issue (Answering Br. at 9), the Court was clear: "[A]ll of [plaintiffs'] claims against State Bank are directly related to acts or omissions of the FDIC as the receiver of Oakwood. As the district court

explained, accepting the [plaintiffs'] argument and 'permit[ting] claimants to avoid [the] provisions of (d)(6) and (d)(13) by bringing claims against the assuming bank ... would encourage the very litigation that FIRREA aimed to avoid.'" *Id.*; *see also Trinsey* v. *K. Hovnanian at Upper Merion, Inc.*, 841 F. Supp. 694, 695 (E.D. Pa. 1994) (applying FIRREA's jurisdictional bar to a claim to an asset "disposed of through an act of the RTC.").[3] By holding that FIRREA's jurisdictional bar does not apply to WMI's claims against JPMC, the Bankruptcy Court "encourage[s] the very litigation that FIRREA aimed to avoid," and should be reversed.

## II. THE D.C. DISTRICT COURT MUST ADJUDICATE ALL OF WMI'S CLAIMS AS CONGRESS INTENDED.

WMI argues that if the Bankruptcy Court cannot hear its claims against JPMC, then WMI "would have no recourse on their claims against JPMC anywhere." (Answering Br. at 11-12.) Only in a footnote (*id.* at 12 n.9) does WMI admit the obvious flaw in its position: WMI is currently pursuing its claims to these same assets now owned by JPMC in the D.C. Action, which WMI chose to commence and in which JPMC intervened. WMI fails to explain why the D.C. District Court cannot provide relief even though WMI, JPMC, the FDIC, and the holders of WMB's bonds are all parties to the D.C. Action. For this reason alone, WMI cannot claim that applying FIRREA's jurisdictional bar would place it in "an untenable and Constitutionally suspect position." (*Id.* at 12.)[4]

---

[3] WMI's attempt to distinguish *diSibio* v. *Mission National Bank*, 127 F. App'x 950 (9th Cir. 2005), another case that did not turn on the receiver's possession of the assets, is pulled from thin air. WMI claims that the assets at issue were "still in receivership" (Answering Br. at 9), but the plaintiffs filed their complaint 11 years *after* these assets left the receivership. (Exhibit B (*diSibio*, Appellee's Br.) at *10.) And Ninth Circuit Rule 36-3 prohibits citation of unpublished decisions to courts in the Ninth Circuit, not the District of Delaware. 9th Cir. R. 36-3.

[4] WMI mistakenly asserts that if FIRREA applies to its claims, then *all* bank depositors must file proofs of claim when their bank goes into receivership, just in case the successor bank denies them their funds "months or years later." (Answering Br. at 13 n.10.) In reality, the FDIC permits late filing if a claim did not arise in time for the claimant to meet an earlier deadline set by the FDIC. *Hudson*, 43 F.3d at

Moreover, the Third Circuit has repeatedly rejected the constitutional challenge to FIRREA's jurisdictional bar that WMI makes here. WMI claims that the jurisdictional bar does not apply because the FDIC's disallowance of WMI's claims stated that WMI "appear[s] to assert claims against a third party." (*Id.*) But the Third Circuit has held that "there is no due process violation because the receiver's determination is not a binding adjudication and because, if plaintiffs so choose, a court will evaluate their claims *de novo*." *Rosa*, 938 F.2d at 397. WMI has asked the D.C. District Court to review its claims *de novo* in a litigation that includes JPMC as a defendant, and the only obstacle to this review is the stay that WMI itself obtained from the Court. Other Third Circuit opinions confirm that FIRREA must be read to avoid constitutional problems, not create them. *See Nat'l Union Fire Ins. Co. v. City Sav., F.S.B.*, 28 F.3d 376, 393 (3d Cir. 1994); *Shain*, 944 F.2d at 136; *Hudson*, 43 F.3d at 852. Even in *Auction Co. of America v. FDIC*, which WMI cites in support of its constitutional argument, the D.C. Circuit found FIRREA constitutional as applied and discussed the ways in which various Courts of Appeals "produce . . . a harmonious reading" of FIRREA's administrative claims process and its jurisdictional bar. 141 F.3d 1198, 1201 (D.C. Cir. 1998).[5]

In reality, WMI's constitutional argument is a fig leaf hiding WMI's real goal: to jump ahead of everyone who has duly filed a claim with the FDIC in WMB's receivership and

---

850-51 (citing *Heno v. FDIC*, 20 F.3d 1204, 1208 (1st Cir. 1994)). Thus, depositors need not file prophylactic proofs of claim as WMI mistakenly contends.

[5] WMI's challenge to FIRREA's constitutionality also rings hollow because it proceeds on the unfounded assumption that WMI is entitled to be made whole for the federal government's closure of its banking subsidiary, WMB. However, courts have repeatedly rejected this assumption: WMI accepted the risk of forfeiting its interests in WMB without any compensation as the price of receiving federal deposit insurance, as well as for participating in one of the most heavily regulated and sensitive industries in the United States. *See Branch v. United States*, 69 F.3d 1571, 1575 (Fed. Cir. 1995) ("Banking is a highly regulated industry, and an individual engaged in that industry is deemed to understand that if his bank becomes insolvent . . . , the federal government may 'take possession of its premises and holdings,' and *no compensation for that government action will be due*.") (emphasis added).

receive more of a recovery than it or any other creditor is permitted under FIRREA. In *American National Insurance Co. v. FDIC*, No. 1:09-cv-1743 (RMC) (D.D.C.), the plaintiffs tried the same strategy, making claims against JPMC relating to the seizure of WMB. The Court held that FIRREA applied to the plaintiffs' claims and noted that "[i]n many respects, the plaintiffs' case is not unlike WMI's suit against the FDIC-Receiver that is currently pending in the District Court of the District of Columbia." (A607-08.) Although WMI no doubt wishes that it did not have to play by the same rules as every other claimant to WMB's assets, there is no constitutional problem with requiring it to do so.[6]

In condemning JPMC for defending itself against WMI's claims, WMI also fails to consider what would have happened if no one had come forward to purchase WMB's assets and assume its liabilities. Branches would not have reopened, deposits would have been temporarily frozen, the receivership would have had $1.9 billion fewer in assets (the price JPMC paid to the FDIC), and the FDIC's deposit insurance fund would have been severely strained. WMB's creditors, including WMI, would have divided up far fewer assets and still had no claim against a purchaser, who would not have existed. If WMI prevails, many more receiverships could fit this description: allowing similar suits would "create an obstacle to the FDIC's quick and successful resolution of failed banks; an assuming bank would rarely be inclined to enter a P&A agreement with the FDIC knowing that it could be taking on unidentified liabilities of undefined dimensions that could arise at some uncertain date in the future." *Vill. of Oakwood v. State Bank & Trust Co.*, 519 F. Supp. 2d 730, 738 (N.D. Ohio 2007).

---

[6] In arguing that the Bankruptcy Court has exclusive jurisdiction over WMI's claims against JPMC, WMI—like the Bankruptcy Court—confuses the Court's jurisdiction to distribute assets of the estate (which is exclusive) with its jurisdiction to decide what assets compose the estate (which is not). *See In re Noletto*, 244 B.R. 845, 853-54 (Bankr. S.D. Ala. 2000).

{683.001-W0006607.}                                                  - 8 -

## III. JPMC'S APPEAL OF THE JULY ORDERS IS MERITORIOUS AND SATISFIES THE COLLATERAL ORDER DOCTRINE.

Because JPMC's and the FDIC's appeals of the Bankruptcy Court's July orders are meritorious and satisfy the collateral order doctrine, JPMC's and the FDIC's notices of appeal divested the Bankruptcy Court of jurisdiction over the Adversary Proceedings. Despite WMI's fulminations regarding the appealability of the July orders, the issue comes down to whether the Bankruptcy Court erred in concluding that the prior pending appeals are "frivolous," both on their merits and procedurally for lack of jurisdiction.

As JPMC explained at page 17 of its Opening Brief, an appeal is frivolous only if it lacks any colorable arguments in its favor, and is not frivolous if any of its legal points are arguable on the merits. For the reasons given in JPMC's Opening Brief and in Parts I and II above, JPMC's position—that FIRREA bars WMI's claims in the Bankruptcy Court—comports with the holdings of several Courts of Appeals and is correct. The Bankruptcy Court failed even to acknowledge this body of law, instead relying on an unwarranted extension of two inapposite cases, *Rosa* and *Hudson*. The Bankruptcy Court had no grounds to conclude that JPMC's position on the merits is frivolous.[7]

Nor did the Bankruptcy Court have any basis to conclude that the July appeals did not satisfy the collateral order doctrine. WMI argues that the collateral order doctrine does not apply to the July appeals because they "did not rest on an 'important' issue." (Answering Br. at 19 n.13). In the seminal case of *Praxis Properties, Inc. v. Colonial Savings Bank, S.L.A.*,

---

[7] WMI also does not contest that the Bankruptcy Court failed to issue a written finding that JPMC's appeal is frivolous, even though JPMC asked the Court to do so three times. (A631, A652, A660.) The Third Circuit has made clear that a district court may retain jurisdiction after the filing of an interlocutory appeal only "if the district court has found the motion to be frivolous *and supported its conclusions by written findings.*" *United States v. Leppo*, 634 F.2d 101, 105 (3d Cir. 1980) (emphasis added). Therefore, the "frivolity" exception to the rule of automatic divestiture does not apply.

however, the Third Circuit specifically held that FIRREA's limitations on suits relating to failed bank receiverships are "extremely important to the efficient administration of Congress's Thrift Recovery Program, one of whose most expensive components is litigation." 947 F.2d at 53, 56. This is no less true here, where WMI has tied down the FDIC in two courts at once while the FDIC tries to resolve an astounding number of bank failures as efficiently as possible.

Although WMI protests that "the Bankruptcy Court's orders are fully reviewable upon final judgment in the Adversary Proceedings," (Answering Br. at 17-18), the *Praxis* court specifically rejected this argument: "[Relying on *Lauro Lines*,] Praxis insists that the district court's order is not 'effectively unreviewable' following a final judgment. . . . We disagree." 947 F.2d at 59-60; *see also Digital Equip. Corp.* v. *Desktop Direct, Inc.*, 511 U.S. 863, 879 (1994) ("Where statutory and constitutional rights are concerned, 'irretrievabl[e] los[s]' can hardly be trivial."). JPMC's appeal of the July orders thus was proper under the collateral order doctrine.

## CONCLUSION

JPMC respectfully submits that the Counterclaims Order should be vacated, and that WMI's counterclaims in the JPMC Adversary Proceeding be dismissed in light of the Bankruptcy Court's lack of subject matter jurisdiction under 12 U.S.C. § 1821(d)(13)(D).

Dated: March 17, 2010
      Wilmington, Delaware

| Bruce E. Clark | Adam G. Landis (No. 3407) |
| Robert A. Sacks | Matthew B. McGuire (No. 4366) |
| Stacey R. Friedman | **LANDIS RATH & COBB LLP** |
| **SULLIVAN & CROMWELL LLP** | 919 Market Street, Suite 1800 |
| 125 Broad Street | Wilmington, Delaware 19801 |
| New York, New York 10004 | Telephone: (302) 467-4400 |
| Telephone: (212) 558-4000 | Facsimile: (302) 467-4450 |
| Facsimile: (212) 558-3588 | |
| | *Counsel for Appellant JPMorgan Chase Bank, N.A.* |